—Judgment, Supreme Court, New York County, entered July 25, 1977, annulling determinations of respondents-appellants Commissioners of the New York City and New York State Departments of Social Service in respect of 18 NYCRR 352.3 (a) as amended, unanimously reversed, on the law, vacated, the petition dismissed, and the determinations confirmed, without costs and without disbursements. Petitioners, recipients of public assistance, have been living since 1971 in a certain building in Manhattan, which was renovated in 1972 with moneys from a municipal loan. The owner then net leased the premises to the city Department of Housing and Development, which agreed with respondent city commissioner *552 to provide rent allowances commensurate with the rents charged. In contemplation of expected Federal subsidies, rents were set at a comparatively low figure; when the subsidies did not come through, rents were fixed, in September, 1972, higher than had been hoped for. Respondents, however, paid rent allowances in conformity with the increases until September 1, 1976, when drastic revisions downward in the allowances became effective. The new allowances were reaffirmed after a hearing held after promulgation of the new rates; we attach no significance to this circumstance, not being aware of any requirement that the hearing must precede the promulgation. This proceeding pursuant to CPLR article 78 was instituted seeking to roll back the allowances to the point theretofore paid. Special Term granted the relief requested, holding respondents to have been without authority to recast the maximum rent allowances "without any apparent consideration given concerning the individual needs of the petitioners.” However, in the parallel case of Matter of Bernstein v Toia (43 NY2d 437, 440), our highest court has since held: "We find no sufficient basis to disturb a regulation adopted by the Department of Social Services that fixes maximum shelter allowances for recipients of public assistance without at the same time making provision for exceptions due to circumstances peculiar to individual recipients. The flat grant concept in the administration of shelter allowances is neither unconstitutional nor in conflict with section 131-a of the Social Services Law.” Accordingly, we reverse and reinstate the challenged determination. Concur—Murphy, P. J., Lupiano, Fein, Markewich and Yesawich, JJ.